## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

UNITED STATES OF AMERICA              CRIMINAL ACTION NO. 16-0089-01

VERSUS                                JUDGE DONALD E. WALTER

RON JAMES LANDRY                      MAGISTRATE JUDGE WHITEHURST

## <u>MEMORANDUM ORDER</u>

Before the Court is a second motion for compassionate release filed pro se by the defendant, Ron James Landry ("Landry").  <u>See</u> Record Document 73.  The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Landry.  The Government opposes Landry's motion.  <u>See</u> Record Document 75.  Based on the following, the motion for release is **DENIED**.

Landry was charged in a three-count indictment, charging various narcotics and firearm offenses, including conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, possession of methamphetamine with intent to distribute, and possession of firearms and ammunition by a conviction felon.  <u>See</u> Record Document 1.  Landry pled guilty to the conspiracy count (Count 1) and was ultimately sentenced to a term of imprisonment of 84 months.  <u>See</u> Record Documents 73-1 at 8.  Landry is currently housed at the Federal Correctional Institution, Beaumont ("FCI Beaumont Low") and he has a projected release date of January 2023.

On August 18, 2020, Landry filed a "Motion For Modification Reduction Of Sentence Pursuant To The First Step Act Of 2018," which was denied by this Court on August 21, 2020, for failure to exhaust administrative remedies.  <u>See</u> Record Documents 67 and 72.  On September 22, 2020, Landry filed a letter that was construed as a letter motion to reconsider the order on the motion to reduce sentence, again seeking compassionate release or, in the alternative, release to

home confinement based on his assertion that his history of heart conditions makes him vulnerable to becoming seriously ill from COVID-19 should he contract the disease while in prison.  See Record Document 73.  Landry asserted in this motion that he had exhausted his administrative remedies through the Bureau of Prisons ("BOP").  The Warden denied Landry's request for relief, noting that, although the health services department "identified [him] as an at-risk inmate due to [his] medical conditions, [he] did not meet the criteria to be released on home confinement per the CARES Act" because he was "found guilty of code 200—Escape—Return Within Four Hours on May 20, 2020."  Record Document 73-1 at 3.  Thus, Landry has exhausted his administrative remedies.

The Government concedes that Landry can demonstrate an "extraordinary and compelling reason" as defined in 18 U.S.C. § 3582(c)(1)(A) due to his coronary artery disease,[1] as this is a condition recognized by the Centers for Disease Control ("CDC") as a confirmed COVID-19 risk factor.[2]  See id.  Nevertheless, the Government argues that Landry is still a danger to the community and that the factors set forth under 18 U.S.C. § 3553(a) counsel against his release. See id.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances."  Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010).  Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of

---

[1] The Government concedes that Landry has alleged that he has coronary artery disease, which is a confirmed COVID-19 risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[2] Landry also asserted that he suffers from hypertension, which the CDC lists under the category of "**might be at an increased risk** for severe illness from the virus that causes COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe,

No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); <u>United States v. Wright</u>, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  As previously mentioned, the Government concedes that Landry can demonstrate that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence based upon a review of his medical records. Specifically, the Government states:   "The United States, for the purposes of argument, acknowledges that the defendant appears to present at least one risk factor identified by the CDC as heightening the risk of severe illness or death were the inmate to contract COVID-19, namely coronary artery disease" and that "this chronic condition may present 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" as provided in Section 1B1.13, comment note 1(A)(ii). Record Document 75 at 10.

Regardless of this concession by the Government, the existence of an "extraordinary and compelling reason" does not end the inquiry.  The Court must consider whether Landry remains a danger to the community before granting compassionate release, as required by United States Sentencing Guideline § 1B1.13(2), which refers to 18 U.S.C. § 3142(g).  Furthermore, 18 U.S.C. § 3582 and the policy statement require the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets forth the factors that courts must consider in deciding whether to release a defendant pending trial.  These factors to be considered include the "nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, . . . community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and

seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).  Similarly, Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

The Court finds that Landry has not demonstrated that he will not be a threat to others or the community if released.  Landry was sentenced for conspiracy to distribute fifty grams or more of methamphetamine.  In connection with his offense conduct, Landry accepted responsibility for possession with intent to distribute 425 grams of actual methamphetamine.  Additionally, the investigation that led to his conviction revealed that Landry, as a previously convicted felon, possessed several high-powered firearms.  Furthermore, Landry has a lengthy pattern of committing offenses involving controlled substances and firearms.  Additionally, Landry has a poor record of abiding by his conditions of release, as evidenced by the fact that his parole was revoked in at least three matters.  Finally, the adjudication of guilty for escaping from custody in May of 2020 (admittedly with a return within four hours) adds to these listed concerns.  See United States v. Mazur, 457 F. Supp. 3d 559, 564 (E.D. La. 2020) (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community).  In light of the above, the Court concludes that Landry remains a danger to others and his community.

Additionally, in examining the Section 3553(a) factors, to reduce Landry's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate

deterrence to criminal conduct.  Furthermore, a reduced sentence would create a sentencing disparity between Landry and other similarly situated defendants, thus invalidating a "just punishment" under 18 U.S.C. § 3553(a)(2)(A).

The Court has also looked at the presence of COVID-19 at the FCI Beaumont Low. There are two hundred fifty-eight inmates and one staff member who are currently testing positive out of 1,693 total inmates.[3]  http://www.bop.gov/coronavirus (last updated 11/30/2020).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, 451 F. Supp. 3d  651, 657 (M.D. La. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020));  Mazur, 457 F. Supp. 3d at 562 (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19).  Landry has not shown that inmates are currently not receiving adequate medical attention if they contract the virus.  Additionally, Landry has not shown that the BOP is unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to

---

[3] No inmates or staff have died from the virus.  However, there are 710 inmates and 4 staff who have recovered from the virus.  www.bop.gov/coronavirus (last updated 11/30/20).

determine eligibility for sentence reductions or home confinement.[4]  Therefore, the Court finds that Landry has not met his burden.

The Court shares Landry's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 8,141 inmates on home confinement and the total number of inmates placed in home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 18,027. https://www.bop.gov/coronavirus/(last updated 11/30/2020).

For the foregoing reasons, **IT IS ORDERED** that Landry's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 30th day of November, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[4] Landry requested release to home confinement in his request to the Warden.  In an abundance of caution, however, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons.  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).